FERNÁNDEZ *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property
of Caguas.

No. 104.—Decided November 3, 1911.

DETERMINATION OF LEGALITY OF TITLES—POSSESSORY TITLE PROCEEDINGS—SUFFICIENCY OF EVIDENCE—POWERS OF REGISTRARS TO WEIGH THE SAME.—
Subdivision 2 of article 18 of the Mortgage Law does not confer power upon registrars to pass upon the grounds of judicial decisions, nor to determine the justice or injustice thereof, nor to judge of the sufficiency or insufficiency of the evidence introduced during trials.

The facts are stated in the opinion.
*Mr. Rafael Arce* for appellant.
MR. JUSTICE ALDREY delivered the opinion of the court.

When the possessory title proceedings instituted by Bernardo Fernández Porrero in the Municipal Court of Caguas and decided in his favor were presented in the registry of property of that district for the purpose of recording his possessory title to two farm properties situated in *barrios* Río Cañas and San Antonio of the municipality of Caguas,

the registrar, on August 28, 1911, refused to admit them to record so far as a portion of one of the properties was concerned. The pertinent part of the adverse decision of the registrar reads as follows:

"Admission to record of said instrument, so far as the balance of 54 *cuerdas* of said farm is concerned, is refused for the reason that the fact that such portion of land pays taxes to the Treasury has not been clearly established; because while in the record of the proceedings it is set forth that 157 *cuerdas* were acquired by purchase from Catalina Grau, yet under the certificate issued by the Treasurer Catalina Grau appears as the owner of only 103 *cuerdas* upon which she pays taxes; so there remains a balance of 54 *cuerdas* upon which it does not appear that taxes are paid, for although from another certificate of the Treasurer it appears that Bernardo Fernández Porrero pays taxes on 272 *cuerdas* of land situated in *barrio* Río Cañas, it it is not clearly stated that the 54 *cuerdas* of land acquired by petitioner from Catalina Grau had been considered in fixing the taxes referred to in said certificate."

From this decision Bernardo Fernández Porrero has appealed.

The reasons given by the registrar for refusing to record the instrument referred to in this appeal is that it was not clearly established in the Municipal Court of Caguas that the appellant pays taxes on all the properties involved in the possessory title proceedings, the record of which was ordered by the judge of said court.

From the record of the proceedings instituted in said municipal court, the original of which was presented in the registry and is now before us, it appears that the appellant filed several certificates issued by the Treasury Department of Porto Rico showing that he pays taxes on the properties mentioned in the proceedings, and inasmuch as the judge, after examining the said certificates and the evidence introduced, directed that the possessory title be recorded in favor of the appellant, the refusal of the registrar to enter the record gives rise to the question of whether or not he (the registrar)

has power to pass upon the sufficiency of the evidence upon which the judge based his decision granting the possessory title and directing that the same be admitted to record.

Subdivision 2 of article 18 of the Mortgage Law confers upon registrars the power to pass upon all documents directed to them by judicial authorities, and consequently they can determine whether the judge had jurisdiction over the subject matter, the nature of the case, and the scope of the decision; whether such decision was rendered by due process of law; whether the formalities and other requisites essential to the validity of such decision were duly complied with, and whether such judicial decision conforms strictly to all the formalities which are necessary under the Mortgage Law in order that the record may be entered.

But the power which that provision of law confers upon registrars does not go to the extent of entitling them to pass upon the grounds which were the basis for such judicial decisions—that is to say, as to the intrinsic justice or injustice thereof—and to determine whether or not the evidence was sufficient would amount to determining whether or not the decision was justly rendered.

The power to pass upon the weight of the evidence is vested in the courts only.

In this case the decision appealed from actually goes to the extent of holding that the evidence introduced in the Municipal Court of Caguas was insufficient upon which to base its decision.

As the court decided the question of possession and ordered its entry in the registry, we must presume that it considered the evidence introduced as sufficient; and inasmuch as registrars are not empowered to pass upon the sufficiency of the evidence, as we have already held in the case of *Ramírez* v. *The Registrar* (16 P. R. R., 330), wherein several decisions are cited, and in the case of *Hernández* v. *The Registrar* (16 P. R. R., 440) the decision appealed from should

be reversed and an order made directing that the registry requested be made.

*Reversed.*

Chief Justice Hernández and Justices MacLeary, Wolf, and del Toro concurred.